Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8575 | **DATE** | 10/22/2002 |
| **CASE TITLE** | MURALLES, et al. Vs. TOWN OF CICERO, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss (Doc. #15)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiffs' motion for leave to file their second amended complaint is GRANTED. Defendant's motion to dismiss [#15] is DENIED. Defendant is ordered to answer Plaintiffs' second amended complaint by 11/12/02. Status hearing set for 12/2/02 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 23 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JHC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Maruicio Muralles, Bertha Muralles, )
Javier Olivares, Maria Olivares, )
Sergio Rivera, Jessica Rivera, and )
Veronica Rivera )
)
    Plaintiffs, )
) No. 01 C 8575
    v. )
) Judge William J. Hibbler
The Town of Cicero, a municipal )
corporation )
)
    Defendant. )

**DOCKETED**
OCT 2 3 2002

## MEMORANDUM OPINION AND ORDER

    Plaintiffs, Latino homeowners in the Town of Cicero, sued the Town alleging that it violated 42 U.S.C. § 1983 when it denied them compliance certificates to Cicero's Zoning Ordinance (also known as the "BOCA Code"). Defendant's motion to dismiss the complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6) is pending before the Court. Prior to addressing the merits of the Defendant's motion, the Court must clear up the procedural morass created by Plaintiffs' attorney's fumbling of the Federal Rules of Civil Procedure.

    Defendant filed its motion to dismiss on June 25, 2002. On July 2, 2002, the Court set a briefing schedule, requiring Plaintiffs to respond to the motion by July 30, 2002, and allowing Defendant until August 14, 2002, to reply. The July 30th deadline came and passed. Rather than filing a response to Defendant's motion, Plaintiffs' attorney elected to file a motion for leave to file an amended pleading. Counsel, however, failed to properly notice the motion, instead submitting it simply as a response to the motion to dismiss. Local Rule 5.3 requires that a party serve its opponent with "written notice of the intent to present a motion specifying the date on which the



motion is to be presented." This is not the first time Plaintiffs' attorney has botched an elementary procedural rule. When Plaintiffs initially filed their complaint, their attorney neglected to file with the Court proof that the Defendant had been served within 120 days of the filing of the complaint. Plaintiff then moved for default judgment, without ever demonstrating that Defendant had been properly served. When Defendant moved to Quash service and dismiss the complaint under Fed. R. Civ. P. 4(m), Plaintiffs' attorney chose not to respond and instead filed a motion to enlarge the time to perfect service, which similarly was not properly noticed. Plaintiffs' blunders leave the Court with a procedural mess.

On the one hand, Fed. R. Civ. P 15(a) suggests that leave to amend pleadings should be freely given when justice so requires. *See also Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002). On the other, even *pro se* litigants are expected to comply with the rules of civil procedure, and certainly counsel should so comply. *See McNeil v. United States*, 508 U.S. 106 (1993). Defendant urges the Court to deny Plaintiffs' motion for leave to amend and, consequently, grant its motion to dismiss. It is well within the province of the district court to deny leave to amend if, among other things, there is undue delay or undue prejudice would result to the opposing party if the amendment were allowed. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). Undue delay, in and of itself, is often an insufficient ground to deny leave to amend a pleading, and the degree of prejudice to the opposing party is a more significant factor. *Park*, 297 F.3d at 613. Here, Defendant has stated in its reply that "the second amended complaint does nothing to cure the deficiencies that were pointed out in Defendant's motion to dismiss the first amended complaint." Thus, Defendant will suffer no prejudice if the Court allows the filing of Plaintiffs' second amended complaint — for it has already set forth the reasons why it believes Plaintiffs' complaint should be

dismissed. Plaintiffs's attorney, however, is cautioned that the Court will not entertain future motions that are not properly noticed and that he should endeavor to comply with all local rules as well as the Federal Rules of Civil Procedure.

Before proceeding to the merits of Defendant's motion to dismiss, Defendant further urges the Court that it be allowed to file yet another motion to dismiss if the Court allows the filing of Plaintiffs' second amended complaint. This is unnecessary. As noted above, Defendant represented in its reply that the second amended complaint does not cure the deficiencies it has already pointed out. If Defendant believed that the second amended complaint set forth anything that required it to clarify or expand upon its motion to dismiss, then it should not have represented to the Court that the second amended complaint does not cure the deficiencies of the first amended complaint. Accordingly, the Court will proceed to the merits of Defendant's motion to dismiss, assessing whether Plaintiffs' *second amended complaint* passes muster under Fed. R. Civ. P. 12(b)(6).

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. The Court must construe all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). Defendants must meet a high standard to prove the complaint should be dismissed for the failure to state a claim upon which relief could be granted, and a plaintiff's complaint should only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

To state a claim under § 1983, a plaintiff must plead that a person, while acting under the color of state law, deprived the plaintiff of rights, privileges or immunities secured either by the

United States Constitution or by federal law. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). When suing a municipality under § 1983, however, the plaintiff must allege more than just a constitutional injury, but must also prove that a "custom or policy of the [defendant] was a cause of the plaintiff's injury." *Ienco v. City of Chicago*, 286 F.3d 994, 1001 (7th Cir. 2002). A municipality or municipal agency, such as the Town of Cicero or its Zoning Board, can be liable under § 1983 for violating a person's constitutional rights through: (1) an express municipal policy; (2) a widespread practice constituting custom or usage; or (3) a constitutional injury caused or ratified by a person with final policymaking authority. *Simmons v. Chicago Bd. of Educ.*, 289 F.3d 488, 494 (7th Cir. 2002).

The gravamen of Plaintiffs complaint is straightforward. They allege that when they purchased their homes in the Town of Cicero, they were issued certificates of compliance with the Town's zoning ordinances. Recently, however, Plaintiffs allege that they have been denied certificates of compliance. The reason, according the Plaintiffs' complaint, is that they are Latino, and the Town has a policy of selectively enforcing the BOCA Code against them, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Plaintiffs further allege that the Town does not enforce the BOCA Code against similarly situated non-Latinos, pointing to former Town President Betty Loren-Maltese as an example.

Cicero characterizes Plaintiffs' complaint as a garden variety zoning dispute. "While it is true that this characterization appears in a number of cases involving challenges to land-use decisions, see *Hartland Sportsman's Club, Inc. v. Town of Delafield*, 35 F.3d 1198, 1199- 1200 (7th Cir.1994); *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 467 (7th Cir.1988), these are not magic words that municipal defendants can simply recite in order to insulate their land-use

decisions from scrutiny under federal law." *Cruz v. Town of Cicero*, 275 F.3d 579, 587 (7th Cir. 2001) (citations in original). Charges that a municipality has singled out members of a vulnerable group, racial or otherwise, for unequal treatment are sufficient to state a claim for a violation of Equal Protection. *See, e.g., City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440-41, 105 S.Ct. 3249, 3254-55, 87 L.Ed.2d 313 (1985). In alleging that the Town of Cicero engages in invidious discrimination against Latinos because the Town's "policy makers fear" that group, Plaintiffs have sufficiently alleged a "widespread practice constituting custom or usage" in order to satisfy the requirements of *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), for stating a § 1983 claim against a municipality.

Accordingly, Defendant's motion to dismiss is DENIED. Defendant is ordered to answer Plaintiffs' second amended complaint by November 12, 2002.

IT IS SO ORDERED.

Date: 10/22/02

William J. Hibbler, Judge
United States District Court

5